RECEIVED
IN LAKE CHARLES, LA.

OCT 26 2009

TONY R. MOORE, CLERK
BY /pr/
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD SUBLET** | : | **CIVIL ACTION NO. 08-1410** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Presently before the court is a Motion to Dismiss for Improper Venue filed by defendant. Doc. 16. Pursuant to the reasoning herein, the undersigned recommends that defendant's Motion be granted.

### Background

*Pro se* plaintiff Donald Sublet, proceeding *in forma pauperis*, filed the instant complaint pursuant to the Federal Torts Claims Act (FTCA) (28 U.S.C. § 1346 *et seq.*) on August 18, 2008. Doc. 1. Plaintiff is an inmate of the Federal Bureau of Prisons (BOP) who is presently incarcerated at the Federal Corrections Institute, Fort Worth, Texas (FCI Ft. Worth). Plaintiff filed this complaint in the United States District Court for the District of Columbia. However, since he complained that he sustained injuries while he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (FCIO), his complaint was transferred to this court on August 22, 2008. Doc. 3. Plaintiff complains that his arm was injured by Corrections Officers at the FCIO. Plaintiff also complains that medical personnel at FCI Ft. Worth negligently treated his arm and hand on September 28, 2007, the date he was transported to the facility.

On May 14, 2009, the court ordered that summons be issued on the named defendants. Defendant filed an Answer to plaintiff's Complaint on July 17, 2009. Additionally, defendant filed a Motion to Dismiss plaintiff's claims arising from his custody at FCI Ft. Worth for Improper Venue, which is now before the court. Plaintiff has not opposed to the Motion to Dismiss.

## Analysis

Regarding actions brought pursuant to the Federal Tort Claims Act, venue is governed by 28 U.S.C. § 1402(b). Pursuant to this statute, "claims under the FTCA may be brought 'only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." *Smith v. U.S.*, 507 U.S. 197, 202, 113 S. Ct. 1178, 1182, 122 L. Ed. 2d 548 (1993). With regard to the residency of an inmate, the Fifth Circuit has held that the place of incarceration is not legal domicile and therefore not residency for venue purposes. *Ellingburg v. Connett*, 457 F.2d 240, 241-42 (5th Cir. 1972); *see Gutierrez v. Ornelas*, 54 Fed. Appx. 413 (5th Cir. 2002) (unpublished); *Friedman v. U.S.*, 2009 WL 347757 (E.D. Tex. Feb 10, 2009). Instead, the court must look to the place of residence of the inmate prior to incarceration. *Ellingburg*, 457 F.2d at 241-42.

The government argues that plaintiff's complaint must be dismissed to the extent that plaintiff seeks to bring a claim under the FTCA regarding medical negligence he alleges occurred at FCI Fort Worth. Specifically, the government argues that venue in the Western District of Louisiana is improper regarding this claim because the act occurred at FCI Fort Worth, within the jurisdiction of the Northern District of Texas. Additionally, the government states that "[a]ccording to BOP data, Sublet's legal residence is 1910 Caplin Street, Houston Texas, within the Southern District of Texas." However, in its Motion, the government failed to

2

supply the court with any evidence supporting its contention as to the residence of plaintiff prior to incarceration. Therefore, on August 13, 2009, the court ordered the government to submit evidence, such as "BOP data," supporting its contention that defendant is a resident of Houston, Texas. Doc. 19.

On August 17, 2009, the government submitted the Declaration of Beth Hull, a paralegal employed by the BOP, who states that has access to BOP records regarding federal prisoners. Doc. 20. She further states that she reviewed the relevant BOP data for plaintiff, which revealed that his legal address is 1910 Caplin Street, Houston, Texas 77026. Additionally, attached to the declaration is a copy of the BOP data, which Ms. Hull declares is true and accurate copy of BOP records maintained in the ordinary course of business. The copy, in which the plaintiff's street address has apparently been redacted, lists plaintiff's legal residence as Houston, Texas.

It is therefore clear that the government must prevail on the argument that this court lacks jurisdiction to consider medical negligence that plaintiff alleges occurred at FCI Fort Worth.

For the foregoing reasons, IT IS RECOMMENDED that the government's Motion to Dismiss for Improper Venue be GRANTED.

Under the provisions of 28 U.S.C. 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS

ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 26th day of October, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4