UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DONALD SUBLET | : | DOCKET NO 2:08 CV 1410 |
| VS. | : | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

## WRITTEN REASONS

Currently before this Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1) filed on behalf of defendant, the United States of America, concerning a complaint arising out of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, *et seq*. Before consideration of the issues raised in that motion, however, the court recognizes *sua sponte* a deficiency in plaintiff's pleading that must be addressed.

On August 18, 2008, *pro se* plaintiff, Donald Sublet, proceeding *in forma pauperis*, filed a complaint against the United States for damages arising out of an alleged injury obtained while he was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana (FCIO).[1]

As far as the pleadings show, plaintiff filed this complaint in the first instance with the U.S. District Court for the District of Columbia, and it was subsequently transferred to this Court. Defendant suggests through motion that Plaintiff's claim should be dismissed as it is not a viable claim under the FTCA. However, because the court recognizes *sua sponte* a deficiency

---

[1] Mr. Sublet has since been released from custody, receiving a good conduct time release on January 22, 2010. Doc. 24.

in plaintiff's pleading, this court need not address defendant's motion to dismiss until plaintiff amends his pleading.

## BACKGROUND

Plaintiff seeks damages pursuant to the FTCA, 28 U.S.C. §§ 1346(b), and 2671, *et. seq*. The claims are based on the alleged actions of FCIO Corrections Officers whom plaintiff claims "applied handcuffs too tight on left wrist," resulting in numbness and pain in his left hand and arm. Doc. 1. Plaintiff also claims ongoing injury in the form of physical pain and emotional distress due to FCIO medical staff's failure to properly treat the alleged injury. *Id.*

Plaintiff seeks monitory relief in the amount of $50,000.00 for compensatory damages, $25,000.00 in punitive damages, and an undisclosed amount for attorney fees. *Id.*

## LAW AND ANALYSIS

### 1. Subject Matter Jurisdiction

Rule 12(h)(3) of the *Federal Rules of Civil Procedure* provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Original jurisdiction over the subject matter is mandatory for the maintenance of an action in Federal court. *Avitts v. Amoco Production Co.,* 53 F.3d 690, 693 (5th Cir. 1995). Subject matter jurisdiction may not be waived and the district court must dismiss the action whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter. It is the duty of the district court, at any level of the proceeding, to dismiss plaintiff's action *sua sponte* for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss. 2 *Moore's Federal Practice,* § 12.30 (Matthew Bender 3d ed.); *Howard v. Lemmons,* 547 F.2d 290, n. 1 (5th Cir. 1977).

The district court has "the power to dismiss for lack of subject matter jurisdiction on any

one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). When a 12(b)(1) issue is raised, the party seeking to maintain federal jurisdiction bears the burden of proof. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Courts have generally held that if a dismissal is sought for a jurisdictional deficiency that centers upon a lack of sovereign immunity waiver, "the district court has broader power . . . to make factual findings which are decisive of jurisdiction . . . ." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). S*ee also Price v. United States*, 69 F.3d 46, 50 (5th Cir. 1995) (stating that, when a FTCA claim is attacked for lack of subject matter jurisdiction, the court "must examine the record in light of the specific exemptions to, and limitations on, the consent of the United States to the jurisdiction of the district court"). Thus, this court must examine particular facts, considered pursuant to the FTCA, to determine whether Congress intended a waiver of sovereign immunity. If the court determines Congress did not intend such a waiver, a motion to dismiss for lack of subject matter jurisdiction must be granted.

2.      **FTCA**

In order to make a claim for compensatory damages, the plaintiff's claim must fit into one of the limited areas where Congress, in enacting the FTCA, has waived sovereign immunity. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 215 (2008). Interpretation of these waivers must be strictly construed "in favor of the sovereign," and "must be unequivocally expressed in statutory text . . . ." *Lane v. Peña*, 518 U.S. 187, 192 (1996). In *United States v. Muniz*, 374 U.S. 150 (1963), the U.S. Supreme Court held that a Federal prisoner can maintain an action for damages under the FTCA if he proves that his injury is one within the scope of those injuries

contemplated by the FTCA.

Section 1346(b)(1) of the FTCA contains a limited waiver of sovereign immunity, granting Federal jurisdiction over claims for:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This waiver is precluded, however, if the claim is not first "presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). *See also Holdiness v. State of Louisiana*, 572 F.Supp. 763, 765 (W.D. La. 1983) ("Under the FTCA, the injured party must seek action with an appropriate Federal agency as a prerequisite to the institution of judicial proceedings."); *Beavers v. United States*, 291 F.Supp. 856, 857 (S.D. Tex. 1968) (holding that "filing an administrative claim is now a prerequisite to filing or maintaining a civil action under the [FTCA]"). The regulations governing FTCA claims require that notice be "presented to the Federal agency whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). *See also Stewart v. United States*, 458 F.Supp. 871, 872 (S.D. Ohio 1978) ("Under 28 U.S.C. § 2672, administrative claims under the [FTCA] are governed by regulations prescribed by the Attorney General."). The purpose of the notice requirement is to give the appropriate agency adequate information to "investigate, and enable it to ascertain whether the claim could or should be settled." *Blue v. United States*, 567 F.Supp. 394, 397 (D. Conn. 1983) (adopting the Fifth Circuit's reasoning in *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980), *clarified*, 622 F.2d 197 (5th Cir. 1980)). Thus, in most cases, "adequate notice must include both a statement of the factual details of the underlying incident and a demand for a sum certain in damages." *Id.* Because the notice and timing requirements are an exception to the United States' waiver of immunity, it must be construed strictly in the

Government's favor. *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993) (citing *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991)).

Here, Mr. Sublet has not presented any evidence, in his complaint or otherwise, that he gave the proper notice to FCIO or the Bureau of Prisons (BOP).[2] *See Blue*, 567 F.Supp. 394, 397-98 (finding that the BOP is the appropriate agency to notify when filing a FTCA action for injuries suffered while incarcerated in a Federal prison, but that a sworn statement to Prison caseworkers setting forth the details of a prisoner's injuries is sufficient). Where notice has not been given, the case must be dismissed for lack of Subject-Matter Jurisdiction. *Hejl v. United States*, 449 F.2d 124, 126 (5th Cir. 1971). If Mr. Sublet did not notify the appropriate agency, his FTCA claim must be dismissed.

### 3.    **Time Bar**

Federal law determines when a FTCA claim accrues. *Quinton v. United States*, 304 F.2d 234, 235 (5th Cir. 1962). *See also Ware v. United States*, 626 F.2d 1278, 1284 (5th Cir. 1980) (noting that "federal law determines when a claim accrues within the meaning of s 2401(b) of the [FTCA]"). According to federal law, accrual occurs when the plaintiff "'knows or has reason to know of the injury which is the basis of the action.'" *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). As noted above, § 2401(b) mandates that once accrual takes place, the plaintiff has only two years to notify the *appropriate* federal agency or else the claim is forfeited. *Mendiola v. United States*, 401 F.2d 695 (5th Cir. 1968). *See also Johnson v. United States*, 404 F.2d 22 (5th Cir. 1968) (holding that because notice was given to the wrong agency and two years had elapsed since accrual, the FTCA claim was

---

[2] Through congressional delegation, BOP administers an in-house procedure by which prison inmates may process complaints, including grievances against prison personnel. 28 C.F.R. § 542. Under this administrative procedure an inmate is advised to seek initially informal discussion and resolution of his problem with the prison staff. 28 C.F.R. § 542.13(a). If this fails, he may formally appeal to the warden, then to the Regional Director, and finally to the Office of General Counsel. 28 C.F.R. § 542.15. *See generally Holloway v. Gunnell*, 685 F.2d 150, 153-54 (5th Cir. 1982).

time barred under § 2401(b)) and *Cogburn v. United States*, 717 F.Supp. 958 (D. Mass. 1989) (same). This time limitation is jurisdictional. *Johnson v. United States*, 85 F.3d 217, 219 (5th Cir. 1996).

Here, Mr. Sublet's claim accrued, at the latest, on Sept. 17, 2007, the date that he made a sick call request for pain in his left arm and was seen by FICO's Physician Assistant. After that date, Mr. Sublet had two years, or until Sept. 17, 2009, to give proper notice to FICO or BOP. Instead, as far as this court can tell, Mr. Sublet chose to file his claim directly with the U.S. District Court for the District of Columbia. The mere filing of a suit does not meet the notice requirement of s 2675(a). *Meeker v. United States*, 435 F.2d 1219, 1221 (8th Cir. 1970) (citing *Gunstream v. United States*, 307 F.Supp. 366 (C.D. Cal. 1969)). Again, if Mr. Sublet did not notify the appropriate agency within two years of accrual, his FTCA claim must be dismissed.

**4.  Tolling**

The Supreme Court has recognized that the filing period contained in § 2401(b) is a statute of limitations. *United States v. Kubrick*, 444 U.S. 111, 117 (1979). But § 2401(b) is "more than an ordinary statute of limitations. It is also a condition of the United States' waiver of its sovereign immunity." *Cogburn*, 717 F.Supp. at 960. Thus, courts are strictly constrained to read no more and no less into the statute than Congress intended. *Kubrick*, 444 U.S. at 117-18; *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). In other words, when, as here, the United States makes it clear under the FTCA that its consent "to be sued in tort is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit." *Simon v. United States*, 244 F.2d 703, 704 (5th Cir. 1957). *See also Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971) ("Where, as in the [FTCA], a sovereign waives its immunity, and by statute creates a cause of action and consents to be sued upon it, suits filed thereunder must be filed in exact compliance with the

terms of consent. This is a condition precedent to suit."). Equitable considerations that normally have the effect of tolling "are not given that effect when the claim is under the [FTCA]." *Id.* Thus, here, the doctrine of equitable tolling will not save Mr. Sublet's claim. If Mr. Sublet did not notify the appropriate agency within the two-year limit set by § 2401(b), his claim must be dismissed.

## **CONCLUSION**

It is a staple of United States jurisprudence that "[t]he United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has statutorily consented to suits pursuant to the terms of the FTCA. *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). This consent to be sued, however, does not extend to situations where the plaintiff does not notify the appropriate agency within two years of accrual.

Generally, "whenever the United States has not waived its sovereign immunity, the district court should dismiss the complaint for want of subject matter jurisdiction rather than dismissing by granting a motion for summary judgment." *Id.* at 177 (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1159 (5th Cir. 1981)). This dismissal allows the Plaintiff a chance to amend his complaint so as to cure the jurisdictional defect, assuming he is able to do so. *Id.*

Plaintiff's complaint has failed to provide any basis for Federal subject-matter jurisdiction. Accordingly and as set forth in the order issued herewith, petitioner must amend his pleadings within forty (40) days of this date. Through that amendment, petitioner is to provide:

 1. Documentary evidence to establish that he gave proper notice to FICO or BOP

prior to filing his claim with the U.S. District Court for the District of Columbia. In the event petitioner is able to provide this evidence, he should include documentation of the extent of that notice, including, if applicable:

    a.    The submitted Standard Form 95 or other written notification of the incident; and,

    b.    The submitted claim for money damages in a sum certain for personal injury to have occurred by reason of the incident.

Petitioner is cautioned that his failure to properly amend could result in the issuance of a Report and Recommendation recommending dismissal for the reasons set forth above.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 25, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE