UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD SUBLET** | : | **DOCKET NO 2:08 CV 1410** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Currently before this Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1) filed on behalf of defendant, the United States of America, concerning a complaint arising out of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, *et seq*.

On August 18, 2008, *pro se* plaintiff, Donald Sublet, proceeding *in forma pauperis*, filed a complaint against the United States for damages arising out of an alleged injury obtained while he was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana (FCIO).[1] As far as the pleadings show, Plaintiff filed this complaint in the first instance with the U.S. District Court for the District of Columbia and it was subsequently transferred to this court.

On August 25, 2010, this court, recognizing a jurisdictional deficiency in the pleadings, ordered Plaintiff to produce "[d]ocumentary evidence to establish that he gave proper notice to FICO or BOP prior to filing his claim with the U.S. District Court for the District of Columbia." Doc. 27.  Because we find that the evidence produced by Plaintiff is sufficient to defeat the

---

[1] Mr. Sublet has since received a good conduct time release on January 22, 2010.  Doc. 24.

1

jurisdictional hurdle addressed in that order, we now allow the case to proceed.[2]  *See* doc. 30. Today, we address defendant's suggestion, through motion, that Plaintiff's claim should be dismissed because it is not a viable claim under the FTCA.

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss is **GRANTED** and that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE.**

## BACKGROUND

Plaintiff seeks damages pursuant to the FTCA, 28 U.S.C. §§ 1346(b), and 2671, *et. seq*. The claims are based on the alleged actions of FCIO Corrections Officers whom Plaintiff claims "applied handcuffs too tight on left wrist," resulting in numbness and pain in his left hand and arm.  Doc. 1.  Plaintiff also claims ongoing injury in the form of physical pain and emotional distress due to FCIO medical staff's failure to properly treat the alleged injury.  *Id.*

Plaintiff seeks monitory relief in the amount of $50,000.00 for compensatory damages, $25,000.00 in punitive damages, and an undisclosed amount for attorney fees.  *Id.*

## LAW AND ANALYSIS

**1.  Subject Matter Jurisdiction**

Rule 12(h)(3) of the *Federal Rules of Civil Procedure* provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Original jurisdiction over the subject matter is mandatory for the maintenance of an

---

[2] The BOP's Administrative Remedy Program (ARP) is set forth at 28 C.F.R. § 542.10, *et seq*.  The first step of the ARP process is the informal presentation of the issue to prison staff.  If that does not resolve the issue, the inmate must submit a formal Request for Administrative Remedy.  If the inmate is not satisfied with the warden's response to that request, he or she may submit an appeal to the appropriate BOP regional director, and may then appeal that decision to the BOP's General Counsel.  That step "is the final administrative appeal" and its completion, therefore, constitutes exhaustion of administrative remedies.  *See* 28 C.F.R. § 542.15(a).  Plaintiff's appeal to the BOP's General Counsel was denied on June 23, 2008.  Doc. 30, p. 4-5.  The BOP's response to Plaintiff's appeal specifically instructed the appellee to "bring suit in the appropriate United States District Court" if dissatisfied with the decision.  *Id.* at p. 5.

action in Federal court. *Avitts v. Amoco Production Co.,* 53 F.3d 690, 693 (5th Cir. 1995). Subject matter jurisdiction may not be waived and the district court must dismiss the action whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter. It is the duty of the district court, at any level of the proceeding, to dismiss a plaintiff's action *sua sponte* for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss. 2 *Moore's Federal Practice,* § 12.30 (Matthew Bender 3d ed.); *Howard v. Lemmons,* 547 F.2d 290, n.1 (5th Cir. 1977).

The district court has "the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). When a 12(b)(1) issue is raised, the party seeking to maintain federal jurisdiction bears the burden of proof. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Courts have generally held that if a dismissal is sought for a jurisdictional deficiency that centers upon a lack of sovereign immunity waiver, "the district court has broader power . . . to make factual findings which are decisive of jurisdiction . . . ." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *see also Price v. United States*, 69 F.3d 46, 50 (5th Cir. 1995) (stating that, when a FTCA claim is attacked for lack of subject matter jurisdiction, the court "must examine the record in light of the specific exemptions to, and limitations on, the consent of the United States to the jurisdiction of the district court"). Thus, this court must examine particular facts, considered pursuant to the FTCA, to determine whether Congress intended a waiver of sovereign immunity. If the court determines Congress did not

intend such a waiver, a motion to dismiss for lack of subject matter jurisdiction must be granted.

**2.     FTCA**

In order to make a claim for compensatory damages, the plaintiff's claim must fit into one of the limited areas where Congress, in enacting the FTCA, has waived sovereign immunity. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 215 (2008). Interpretation of these waivers must be strictly construed "in favor of the sovereign," and "must be unequivocally expressed in statutory text . . . ." *Lane v. Peña*, 518 U.S. 187, 192 (1996). In *United States v. Muniz*, 374 U.S. 150 (1963), the U.S. Supreme Court held that a federal prisoner can maintain an action for damages under the FTCA if he proves that his injury is one within the scope of those injuries contemplated by the FTCA.

Section 1346(b)(1) of the FTCA contains a limited waiver of sovereign immunity, granting federal jurisdiction over claims for:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). In relevant part, 28 U.S.C. § 1346(b)(2) provides that:

> No person convicted of a felony . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Similarly, 42 U. S. C. § 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

"In the absence of any definition of 'physical injury'" in the statute, the Fifth Circuit has consistently held "that the well established Eighth Amendment standards guide our analysis in

4

determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant."[3] *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)); *see also Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999) ("[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury . . . ."); *Weathington v. Bureau of Prisons*, No. 09-0705, 2010 WL 545294, *1 (W.D. La. Feb. 11, 2010) ("[T]he FTCA prohibits an inmate from filing suit against the United States for mental or emotional injury absent a prior showing of physical injury.").

In *Luong v. Hatt*, 979 F.Supp. 481 (N.D. Tex. 1997), a common sense test was enunciated for determining when a physical injury was significant enough to support an award for compensatory damages. In that case it was held that the physical injury had to be an "observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." *Id.* at 486. Injuries for which free world individuals would not seek emergency room or other professional medical care are not significant. *Id.* An injury that normal people treat with "over-the-counter drugs, heating pads, rest, etc., do not fall within the

---

[3] As it relates to an Eighth Amendment analysis, there is some tension between the traditional excessive force test in the Fifth Circuit and recent Supreme Court jurisprudence. In *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1176 (2010), the Supreme Court rejected Fifth Circuit's test as far as it required some specific quantum of injury, regardless of the force applied. *See id*; *see also Carter v. Wilkinson*, No. 06-2150, 2010 WL 5125499 (W.D. La. Dec. 9, 2010) (recognizing the overruling). In *Wilkins*, the Court stated that the "core judicial inquiry" should not be the extent of the injury, but "the nature of the force – specifically, whether it was nontrivial and was applied . . . maliciously and sadistically to cause harm. . . ." 130 S.Ct. at 1179. The Court went on to state that "to conclude . . . that the absence of 'some arbitrary quantity of injury' requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry." The Eighth Amendment analysis, however, is separate and distinct from an FTCA analysis, which does require, by statute, a showing of physical injury. This is because a federal action for damages under the FTCA is authorized for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b), 2674). In other words, although borrowing the Eighth Amendment's pre-*Wilkins* test, the FTCA has nothing to do with the Eighth Amendment itself, and its *de minimis* test has therefore remained intact.

parameters" of the FTCA. *Id.*; *see also Gins v. J.B. Evans Correctional Center*, No. 08-1475, 2009 WL 196199, *4 n.1 (W.D. La. Jan. 23, 2009) (adopting the *Luong* test); *Reffue v. Toms*, No. 08-0416, 2008 WL 2747145, *2 n.1 (W.D. La. Jun. 9, 2008) (same); *Berry v. Windham*, No. 07-1860, 2008 WL 2455614, *6 n.3 (W.D. La. May 29, 2008) (same); *Russell v. Stevenson*, No. 07-2222, 2008 WL 1327652, *2 (W.D. La. Mar. 20, 2008) (same).

Here, Plaintiff has identified no specific injuries and the fleeting pain he described is, at best, comparable to those that have been found insufficient to support a claim for monetary damages. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997); *Pitchon v. Rosenthal*, No. 04-3869, 2005 WL 1503455, *2 (S .D. Tex. Jun. 7, 2005) (claims for monetary damages dismissed where plaintiff suffered no physical harm, except pain to his hip); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004) (upholding the dismissal of prisoners' complaint where nausea and vomiting were the only injuries alleged). Based on the forgoing discussion, it is clear that Plaintiff's temporary pain stemming from numbness and tenderness in his left hand and arm is clearly not a sufficient physical injury to support a claim for compensatory damages. Plaintiff's alleged injury was diagnosed by two medical personnel within a two-day period. Doc. 1, p. 5. Both medical staff concluded that Plaintiff had sustained no identifiable injury. *Id.*; *see also* doc. 24, p. 3 (Declaration of Dr. Salvador B. Villalon, noting that an examination of Plaintiff's wrist and arm found "no clinical evidence of physical injury"). Plaintiff claims that he experiences some numbness, but in the over two years since the alleged injury Plaintiff has presented no documentation of any physical injury to his person. The injury described by Plaintiff falls into the category of *de minimis*. Plaintiff has no FTCA claim.

Because we have determined that Congress did not intend to waive sovereign immunity

for the type of injuries sustained the Plaintiff, a motion to dismiss for lack of subject matter jurisdiction must be granted.

## CONCLUSION

It is a staple of our jurisprudence that "[t]he United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has statutorily consented to suits pursuant to the terms of the FTCA. *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). This consent to be sued, however, does not extend to situations where the plaintiff does not suffer a *de minimis* injury.

Generally, "whenever the United States has not waived its sovereign immunity, the district court should dismiss the complaint for want of subject matter jurisdiction rather than dismissing by granting a motion for summary judgment." *Id.* at 177 (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1159 (5th Cir. 1981)).

Plaintiff's complaint has failed to provide any basis for Federal subject-matter jurisdiction. For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss is **GRANTED** and that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Associatio*n, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, January 28, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE